# UNITED STATES DISTRICT COURT
# DISTRICT OF MAINE

| | |
|---|---|
| **PENOBSCOT VALLEY HOSPITAL,** et al., | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) 1:20-mc-00148-JDL ) |
| **JOVITA CARRANZA, in her** Capacity as Administrator for the United States Small Business Administration, | ) ) ) ) ) |
| Defendant. | ) ) |

## ORDER

In this consolidated bankruptcy proceeding, Penobscot Valley Hospital and Calais Regional Hospital, both non-profit organizations and debtors in possession in chapter 11 bankruptcy cases, initiated adversary proceedings challenging the denial of their loan applications under the Paycheck Protection Program ("PPP"), 15 U.S.C.A. § 636(a)(36), which was established by the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act"), Pub. L. No. 116-136, 134 Stat. 281 (2020). The PPP is subject to administration by the U.S. Small Business Administration ("SBA") under Section 7(a) of the Small Business Act, 15 U.S.C.A. § 636(a).  *See* CARES Act § 1102(a)(2) (codified at 15 U.S.C.A § 636(a)(36)(B)).  At issue here is the bankruptcy exclusion rule adopted by the SBA to implement the PPP.  The rule excludes from eligibility any loan applicant, such as the Hospitals, which answers "Yes" to the question of whether the applicant is "presently involved in any bankruptcy." Ex. SBA308, Paycheck Protection Program, Borrower Application Form,

https://go.usa.gov/xwXfs; ECF No. 1-8 ¶¶ 16–17; Business Loan Program Temporary Changes; Paycheck Protection Program—Requirements—Promissory Notes, Authorizations, Affiliation, and Eligibility, 85 Fed. Reg. 23,450, 23,451 (Apr. 28, 2020) (to be codified at 13 C.F.R. pts. 120–21).

The Hospitals filed a timely objection to the Proposed Findings of Fact and Conclusions of Law issued by Bankruptcy Judge Michael A. Fagone on June 3, 2020, following a trial held on May 27, 2020.  In  keeping with the Federal Rules of Bankruptcy Procedure, if a party files written objections to a bankruptcy judge's proposed findings of fact and conclusions of law, "[t]he district judge shall make a de novo review upon the record or, after additional evidence, of any portion of the bankruptcy judge's findings of fact or conclusions of law" that is objected to.  Fed. R. Bankr. P. 9033(d).  "The district judge may accept, reject, or modify the proposed findings of fact or conclusions of law, receive further evidence, or recommit the matter to the bankruptcy judge with instructions."  *Id.*; *see also In re Sheridan*, 362 F.3d 96, 100 (1st Cir. 2004).

## I. DISCUSSION

The Hospitals do not dispute any of the Bankruptcy Court's proposed factual findings.  They do object to Judge Fagone's proposed legal conclusions, which I summarize as follows.  First, Judge Fagone concluded that the bankruptcy exclusion rule does not violate section 525 of the Bankruptcy Code, which prohibits governmental units from denying "a license, permit, charter, franchise, or other similar grant" because of a party's current or previous status as a debtor under Title 11 or as a bankrupt or debtor under the Bankruptcy Act.  11 U.S.C.A. § 525(a).

2

Second, Judge Fagone determined that under the first step of the two-step framework for judicial review of administrative rules established by *Chevron, U.S.A., Inc. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837 (1984), the Administrator of the SBA, Jovita Carranza, is authorized by the CARES Act to engage in rulemaking regarding the PPP. Third, Judge Fagone concluded that under *Chevron*'s second step, the bankruptcy exclusion rule is within the bounds of a reasonable interpretation of the CARES Act.

Before I assess the bankruptcy judge's Proposed Findings of Fact and Conclusions of Law, however, I must resolve the parties' dispute over whether a declaration not made part of the record before the bankruptcy judge should be considered. The Administrator first provided the declaration of John A. Miller as part of her response to the Hospitals' objections to Judge Fagone's Proposed Findings of Fact and Conclusions of Law. The Miller Declaration identifies Miller as an SBA administrator who is the highest-ranking career official in the office responsible for the operation of the SBA's business loan programs. The Miller Declaration addresses, among other things, the SBA's loan program requirements and rules, forms, and guidance issued by the SBA in connection with the PPP. Most relevant here, the Miller Declaration contains a more fulsome explanation than that contained in the original administrative record of the reasons for the Administrator's adoption of the bankruptcy exclusion rule.

For reasons I will explain, I deny the Hospitals' Motion in Limine or to Strike Matters Outside the Record (ECF No. 3) regarding the Miller Declaration and conclude that the legal issue to which it relates, the third issue noted above—the

second step of the *Chevron* analysis—should be recommitted to the Bankruptcy Court for further consideration; and I accept and adopt the Bankruptcy Court's Recommended Findings and Conclusions as to the first and second legal conclusions noted above.

### A. The Hospitals' Motion in Limine or to Strike Matters Outside the Record; the Bankruptcy Court's *Chevron* Step Two Analysis

The Hospitals seek to exclude or strike the Miller Declaration for several reasons. First, the Hospitals assert that the Administrator, without good reason, failed to present Miller as a witness or offer his declaration as evidence in the proceedings before the Bankruptcy Court. Second, the Hospitals assert that the Administrator failed to disclose that "Miller filed declarations in other PPP-related litigation and that those declarations differ materially from the one filed here." ECF No. 3 ¶ 12. Finally, the Hospitals assert that they have been deprived of the opportunity to depose or otherwise question Miller. In response, the Administrator contends that there is generally no right to discovery in actions under the Administrative Procedure Act. She further argues that a declaration stating the reasons for agency action is appropriately considered as part of the administrative record, and that, in any event, Fed. R. Bankr. P. 9033(d) permits the District Court to receive additional evidence as part of its de novo review.

Although the Administrator could have produced a declaration from Miller before the Bankruptcy Court, I deny the Hospitals' Motion in Limine or to Strike Matters Outside the Record (ECF No. 3), given the authority vested in district courts to "receive further evidence" when reviewing a bankruptcy judge's findings of facts

4

and conclusions of law. Fed. R. Bankr. P. 9033(d). The Miller Affidavit elaborates on and helps to explain the Administrator's earlier stated reason for adopting the bankruptcy exclusion. "When an agency's initial explanation 'indicate[s] the determinative reason for the final action taken,' the agency may elaborate later on that reason (or reasons) but may not provide new ones." *Dep't of Homeland Sec. v. Regents of the Univ. of Cal.*, 140 S. Ct. 1891, 1908 (2020) (alteration in original) (quoting *Camp v. Pitts*, 411 U.S. 138, 143 (1973)). Accordingly, courts have considered later-submitted declarations when they are "merely explanatory of the original record" and do not contain any "new rationalizations." *Olivares v. Transp. Sec. Admin.*, 819 F.3d 454, 464 (D.C. Cir. 2016) (quoting *Envtl. Def. Fund, Inc. v. Costle,* 657 F.2d 275, 285 (1981)).

Here, the reason provided by the Administrator for enacting the bankruptcy exclusion rule was the need to establish a streamlined, expedited loan process reliant on certifications by applicants, and her determination that "providing PPP loans to debtors in bankruptcy would present an unacceptably high risk of an unauthorized use of funds or non-repayment of unforgiven loans."[1] Business Loan Program Temporary Changes; Paycheck Protection Program, 85 Fed. Reg. at 23,451. The Miller Declaration is consistent with this view, explaining that "[c]ertain creditors, including administrative creditors, could assert claims to the PPP loan funds that would interfere with its authorized uses and the requirements for PPP loan forgiveness." ECF No. 1-14 at 44.

---

[1] For this reason, the Hospitals' argument, made in their Motion in Limine or to Strike Matters Outside the Record, that the record "contains no agency record or evidence of reasoned decision-making regarding exclusion of debtors from PPP" is unpersuasive. ECF No. 3 at 4.

But the Hospitals also argue that the Miller Declaration filed in this case is inconsistent with at least one declaration Miller prepared in a separate case. The Miller Declaration states that the "SBA decided that [a PPP loan's] purpose would not be served by including *all bankruptcies*." ECF No. 1-14 at 44 ¶ 17 (emphasis added). In a separate case in the District of Vermont, Miller's declaration dated May 14, 2020, states that "[t]he purpose of a PPP loan . . . would not be served in *a chapter 11 liquidation or in a chapter 7 case*." ECF No. 3, Ex. B. ¶ 21 (emphasis added). The Hospitals' bankruptcies are neither chapter 11 liquidation nor chapter 7 cases. The resolution of this possible discrepancy must be resolved to determine whether the Administrator has provided an adequate reason for the bankruptcy exclusion rule and thus whether the rule is arbitrary and capricious. *Regents*, 140 S.Ct. at 1908; *Motor Vehicle Mfrs. Ass'n v. State Farm Mut. Auto. Ins. Co.,* 463 U.S. 29, 43 (1983).

In addition, the Proposed Findings of Fact and Conclusions of Law include a *Chevron* analysis, which looks at whether an agency acted within its authority, but "[w]hen the question is not one of the agency's authority but of the reasonableness of its actions, the 'arbitrary and capricious' standard of the APA governs." *River St. Donuts, LLC v. Napolitano*, 558 F.3d 111, 117 (1st Cir. 2009) (quoting *N.Y. Pub. Int. Rsch. Grp. v. Whitman,* 321 F.3d 316, 324 (2d Cir. 2003)). That inquiry may "overlap[] somewhat with [the] *Chevron* step-two analysis," but "a permissible statutory construction under *Chevron* is not always reasonable" under the 'arbitrary and capricious' standard set forth by the Supreme Court in *State Farm*. *Republican Nat'l Comm. v. Fed. Election Comm'n*, 76 F.3d 400, 407 (D.C. Cir. 1996); *see also River St. Donuts*, 558 F.3d at 117 n.13. Here, the Bankruptcy Court's Proposed Findings of

6

Fact and Conclusions of Law focused on whether the Administrator acted within her statutory authority, but they only make brief mention of the administrative record in relation to the *State Farm* 'arbitrary and capricious' standard.

I conclude that the most expeditious course of action is for the case to be recommitted to the Bankruptcy Court for it to consider the significance of the Miller Declaration in relation to the previously established administrative record and the other recent declaration or declarations prepared by Miller. The Bankruptcy Court may, but is not required to, receive other additional evidence if it deems it necessary to resolve the discrepancy. The Bankruptcy Court should then issue revised and/or additional findings of fact regarding the reason or reasons for the adoption of the bankruptcy exclusion rule, and consider those facts in reaching its conclusions of law as to both the second step of the *Chevron* analysis and the 'arbitrary and capricious' analysis under *State Farm*.

**B.     The Bankruptcy Court's First and Second Legal Conclusions**

Because my discussion of the Miller Declaration, the Bankruptcy Court's third legal conclusion, and the 'arbitrary and capricious' analysis does not bear on the Bankruptcy Court's first and second legal conclusions, I turn to those now. As explained above, the Bankruptcy Court's first legal conclusion was that the bankruptcy exclusion rule does not violate section 525 of the Bankruptcy Code, and the second was that, under *Chevron* step one, the Administrator of the SBA is authorized by the CARES Act to engage in rulemaking.

Having conducted a de novo review of the record and the proposed findings, and after carefully considering the Hospitals' objections and the Administrator's

responses, I conclude that the Proposed Findings of Fact and Conclusions of Law are fully supported and legally correct and, therefore, I accept them in their entirety. I do address, however, the supplemental authorities not considered by the Bankruptcy Court which the Hospitals cite to in support of their objections.[2]

Section 525(a) of the Bankruptcy Code provides in part that "a governmental unit may not deny, revoke, suspend, or refuse to renew a license, permit, charter, franchise, or other similar grant to . . . a person . . . solely because [such person] is or has been a debtor under this title or a bankrupt or debtor under the Bankruptcy Act." 11 U.S.C. § 525(a). In its Proposed Findings of Fact and Conclusions of Law, the Bankruptcy Court recognized that there are different approaches as to the meaning of "other similar grant" and, more recently, whether the PPP should be treated as a "grant program" rather than a "loan program." ECF No. 1 at 22–30. The Bankruptcy Court undertook a textual analysis of the provision and, in accordance with other courts, noted the importance of the provision's use of the phrase "other *similar* grants" as a restriction on the scope of the meaning of "grant" for purposes of the anti-discrimination protection. *Id.* at 23–24 (emphasis added). Recognizing that "[o]ther courts have struggled to define the scope of section 525 based on its text," *id.* at 24, the Bankruptcy Court examined section 525(a)'s legislative history, which reveals that section 525(a) was intended to prohibit discrimination based on "a debtor's affiliations or activities that would render it very difficult if not impossible for a debtor to pursue his or her own chosen livelihood," *id.* at 27. The Bankruptcy Court

---

[2] As part of their response to the Bankruptcy Court's Recommended Findings and Conclusions, the Hospitals submitted a Notice of Supplemental Authorities on June 23, 2020 (ECF No. 1-13), and a second Notice of Supplemental Authority on July 27, 2020 (ECF No. 13).

then canvassed the relevant caselaw and determined that the most cogent interpretation of section 525(a) is one that "stick[s] to the words of the statute." *Id.* at 29. Thus, the Bankruptcy Court concluded that a loan is not a grant subject to section 525(a).

In two supplemental authorities cited by the Hospitals, other bankruptcy courts concluded that the bankruptcy exclusion rule violates section 525(a), viewing a PPP loan as akin to a "public housing lease," *Springfield Hosp., Inc. v. Carranza,* Adv. Proc. No. 20-01003, ECF No. 63 at 19 (Bankr. D. Vt. June 22, 2020), or to a "governmental authorization" necessary to participate in the "free-market economy," *Organic Power LLC v. Small Bus. Admin.*, Adv. Proc. No. 20-00055, ECF No. 80 at 16 (Bankr. D.P.R. July 24, 2020). Nevertheless, a PPP loan, which recipients must, under some circumstances, pay back, is by definition not a "grant" similar to a "license, permit, charter, [or] franchise" under section 525(a). Because the Bankruptcy Court's evaluation of section 525(a)'s text and legislative history is highly persuasive, I fully adopt it.

## II. CONCLUSION

For the foregoing reasons, it is **ORDERED** that except for the portions of Part IV(a)(ii) and (iii) pertaining to the *Chevron* step two analysis, the Bankruptcy Court's Proposed Findings of Fact and Conclusions of Law (ECF No. 1) are **ACCEPTED** and **ADOPTED**. It is further **ORDERED** that, consistent with this opinion, the matter is recommitted to the Bankruptcy Court to conduct further proceedings and issue supplemental and/or revised findings of fact and conclusions of law. The Bankruptcy Court shall:

A. Reconsider the administrative record as directed in this Order; and

B. Evaluate the bankruptcy exclusion rule under step two of the *Chevron* analysis and under the 'arbitrary and capricious' analysis.

**SO ORDERED.**

**Dated: July 31, 2020**

/s/ JON D. LEVY
**CHIEF U.S. DISTRICT JUDGE**
